**Chairman:**
Rissie Owens

**Board Members:**
Juanita Gonzalez
David Gutierrez
James LaFavers
Federico Rangel
Michelle Skyrme
Cynthia Tauss



# STATE OF TEXAS
# BOARD OF PARDONS AND PAROLES

March 2, 2015

Mr. Eloy Diaz Gonzalez
TDCJ-CID #1652026
Ramsey Unit
1100 FM 655
Rosharon, Texas 77583

Re:     Full Pardon

Dear Mr. Gonzalez:

The Board of Pardons and Paroles, Clemency Section is in receipt of the submitted application for Full Pardon.

Please be advised that, based upon board rule 143.6, you are ineligible for Full Pardon consideration.

Sincerely,


Texas Board of Pardons and Paroles


Encl:    Board Rules


FP 17 (staff reports)

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 17 2015

Abel Acosta, Clerk

CLEMENCY SECTION
8610 Shoal Creek Blvd., Austin, Texas, 78757 Phone: (512) 406-5852 Fax: (512) 467-0945
Internet: bpp_clemency@tdcj.texas.gov

# TEXAS BOARD OF PARDONS AND PAROLES RULES



## Chapter 143. EXECUTIVE CLEMENCY

### Subchapter A. FULL PARDON AND RESTORATION OF RIGHTS OF CITIZENSHIP

#### §143.1. Authority To Grant Pardons

Except in cases of treason or impeachment, after conviction, or successful completion of a term of deferred adjudication community supervision, the governor may grant a full pardon upon the recommendation and advice of a majority of the board as authorized by the Texas Constitution, Article IV, §11; and Texas Code of Criminal Procedure, Articles 48.01 and 48.03.

#### §143.2. Pardons for Innocence

(a) On the grounds of innocence of the offense for which convicted or successfully completed a term of deferred adjudication community supervision, the board will consider applications for recommendation to the governor for a pardon for innocence upon receipt of:

   (1)   a written recommendation of at least two of the current trial officials of the sentencing court, with one trial official submitting documentary evidence of actual innocence; or

   (2)   a certified order or judgment of a court having jurisdiction accompanied by a certified copy of the findings of fact and conclusions of law where the court recommends that the Court of Criminal Appeals grant state habeas relief on the grounds of actual innocence.

(b) Evidence submitted under subsection (a)(1) of this section shall include the results and analysis of pre-trial and post-trial DNA tests or other forensic tests, if any, and may also include affidavits of witnesses upon which the recommendation of actual innocence is based.

#### §143.3. Twelve Months on Parole

When any offender has served 12 months on parole for an offense committed on or before August 28, 1977, in a manner acceptable to the board, upon request, the board may review the offender's record upon application therefore and make a determination whether to recommend to the governor that the offender be pardoned and finally discharged from the sentence under which he is serving.

#### §143.4. Parolee Discharging Sentence

Whenever any offender who has been paroled for an offense committed on or before August 28, 1977, has complied with the rules and conditions governing his parole until the end of the term to which he/she was sentenced, and without a revocation of his parole, the board may report such fact to the governor prior to the issuance of the final order of discharge. The board may, at this time, recommend to the governor a full pardon as authorized by the Texas Constitution, Article IV, §11 and Texas Government Code, Section 508.119.

#### §143.5. Discharged Prisoner

Upon request from a person who has discharged a felony sentence or successfully completed a term of deferred adjudication community supervision, the board will consider recommending a full pardon. Applicant's name, TDCJ-CID or SID number, county of conviction, offense, and length of sentence shall be furnished for identification.

### §143.6. Inmate in Texas Department of Criminal Justice-Institutional Division

A full pardon will not be considered for an offender while in TDCJ-CID, except when exceptional circumstances exist. The burden of showing such exceptional circumstances rests upon the applicant.

### §143.7. Prior Out-of-State or Federal Convictions

Where there exists one or more convictions or successful completion of a punishment similar to a term of deferred adjudication community supervision for offenses of felony grade, in other states or in federal court, prior to the last Texas conviction, the board will consider recommending a pardon only if the applicant:

(1)     provides a clearance by full pardon from the jurisdiction(s) of the previous conviction(s); or

(2)     furnishes proof in writing that the other jurisdiction(s) will not act until a full pardon is granted by the Governor of

Texas.

### §143.8. Suspended Sentence, Felony Conviction

Upon a written application from the applicant or person acting on their behalf, the board will consider recommending full pardon for a suspended sentence. Applicant's name, SID number, the county of conviction, offense, and sentence shall be furnished when the request is made.

### §143.9. Sentence of Probation, Felony Conviction

The board will consider recommending a full pardon for a sentence of probation only upon a showing of receipt of maximum relief available through the court of conviction, and then, only in an extreme or unusual circumstance which prevents the applicant from gaining a livelihood or in the event of loss of civil rights. The burden of showing such extreme or unusual circumstances rests upon the applicant.

### §143.10. Misdemeanor

The board will consider recommending a full pardon in misdemeanor cases only when exceptional, extreme, and unusual circumstances exist. The burden of showing such exceptional, extreme, and unusual circumstances rests upon the applicant.

### §143.11. Request of Governor

The board shall consider a recommendation for a full pardon or request for restoration of firearm rights in any case upon the request of the governor as authorized by the Texas Government, Section 508.050.

### §143.12. Restoration of Firearm Rights

(a) The board will consider recommending restoration of the right to receive, possess, bear, and transport in commerce a firearm only in extreme and unusual circumstances which prevent the applicant from gaining a livelihood, and only if the applicant:

(1)   provides either proof of clearance by a previously granted full pardon or a request for such express restoration in a pending application for a full pardon from jurisdiction(s) of the relevant conviction(s) or successful completion of a punishment similar to a term of deferred adjudication community supervision; and

(2)   provides proof of application under the United States Code, Title 18, §925(c), for exemption, relief from disabilities to the Director of Alcohol, Tobacco Firearms and Explosives, and furnishes copies of all relevant applications and responses thereto by the Director of Alcohol, Tobacco, Firearms and Explosives including any final actions by said Director of Alcohol, Tobacco Firearms and Explosives.

(b) The burden of showing such extreme and unusual circumstance rests upon the applicant.

**§143.13. Posthumous Pardon**

Upon request from a person acting on behalf of a deceased person who was convicted of a felony offense, the board will consider recommending a full pardon for the deceased person.

**§143.14. Consideration of Request or Application**

(a) The board will consider a written request or application for executive clemency submitted pursuant to Subchapter A of this chapter (relating to Full Pardon and Restoration of Rights of Citizenship).

(b) When an application for executive clemency is denied by the governor or not recommended by the board, a person may submit a subsequent written application for executive clemency on or after the second anniversary of the denial.

# PARDON FOR INNOCENCE CHECKLIST

***Before submitting your application***, *please ensure that you have complied with all application instructions and have reviewed the checklist information provided on this page. Incomplete applications will not be forwarded to the Texas Board of Pardons and Paroles for voting consideration.*

## Eligibility

Did you review your eligibility for pardon for innocence consideration by reviewing board rules governing pardon for innocence?

## Completing the Pardon For Innocence Application Form

Did you complete the application form as instructed? Review to ensure that you have complied with all instructions, including the following:

(1)     Type or print legibly in black or blue ink;

(2)     Do not alter the presentation of the application by reformatting or rewriting the form, and do not bind or staple the application;

(3)     Respond to all items, if necessary using "N/A, "Unknown," "None," or "Do not remember;"

(4)     For each adult conviction for which you are requesting a pardon for innocence, complete application pages titled "Criminal History Information" and "Subject's Version" as instructed, with a complete and detailed Subject's Version of Offense with location, offense date, law enforcement agency involved, events leading up to the offense and your extent of involvement in the case;

(5)     Sign with your full name the application form with a date of signature.

## Certified Court Documentation

Did you provide appropriate certified court documentation (indictment/complaint/information, judgment & sentence) or clerk statement (fine/restitution paid) for **all convictions** for which you are requesting a commutation of sentence. Refer to application instruction Page 2 of 2, Procedures for Obtaining Court Documentation, for detailed instructions.

## Offense/Arrest Reports

Did you provide offense reports for **all convictions** for which you are requesting a pardon for innocence from the appropriate law enforcement agency? For example, if you were arrested by the Austin Police Department, you must request offense reports from that agency. If you were arrested by the Travis County Sheriff's Department, you must contact that agency.

If you are unsure of the arresting agency, you may access public record information pertaining to criminal convictions and deferred adjudications by accessing the Texas Department of Public Safety (DPS) Crime Records Service website http://records.txdps.state.tx.us/; or you may contact DPS to request assistance in acquiring criminal history information.

PFI-10 (Rev 01/11/2010)                    Date: _4- 3 - 2015_
(Last Name, First and Middle Name)

Gonzalez Diaz Eloy

## SUBJECT'S VERSION

On this "Subject's Version" page you are providing additional information – your version of events – about the offense that you listed on the preceding "Criminal History Information" page. Describe in your own words the factual circumstances of the offense.

Responses such as "N/A," "Unknown," or "None" are not acceptable for this section of the application. If you do not remember any of the details about this offense you may provide a statement to that effect.

Criminal Offense: _INDECENCY w/ CHILD CONTACT_

*List the offense as it appears in the court documentation. The offense should match the wording on the corresponding Criminal History Information page.*

Location: _Collin County Mckinney, TX. in Dallas_

Offense date(s): _2-/15/2003_

Law enforcement agency involved: _Police department Plano TX Dallas_

State in detail events leading up to the offense and the extent of your involvement in this case:

_applican if not remember any_
_of the details about_

Complete this page before attaching any additional page(s). Place any attachments immediately behind this page.

## Court Documentation & Offense Reports

Place all court documents and offense/arrest reports for this offense after your Subject's Version page(s). Refer to application instruction Page 2 of 2, Procedures for Obtaining Court Documentation, for information on documents to provide with the application.

# PROCEDURES FOR OBTAINING COURT DOCUMENTATION

All court documents must be <u>**CERTIFIED**</u>, whether they originate from the office of the District, County, or Municipal Clerk. Acquire the proper documentation, accordingly:

**IF** convicted and the judgment included a court ordered **fine** and or **restitution**, furnish a statement from the appropriate clerk confirming the amount paid.

**IF** convicted and the sentence is probated or deferred, furnish the Complaint/Indictment or Information, Judgment, Sentence and Dismissal.

**IF** convicted of a misdemeanor resulting in a fine and/or jail time, furnish the Complaint, Judgment and Sentence.

**IF** arrested and the charge was dropped or dismissed, furnish the charging papers and the Dismissal. If unobtainable, furnish a dismissal or "no formal charge made" statement from the prosecuting attorney.

**IF** arrested for out-of-state, federal or foreign offense(s) prior to the last Texas conviction, furnish court documentation. If convicted, provide clearance by Pardon For Innocence from the jurisdiction or show by official source, preferably the court of conviction, that no civil rights were lost.

**IF** convicted of a felony probation and revoked to the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID), furnish the Indictment, Judgment and Sentence granting probation and the revocation document(s), and a copy of the TDCJ discharge certificate.

**IF** convicted of a felony, sentenced to TDCJ-CID and currently on parole or mandatory supervision or on annual report status, or have discharged the sentence, furnish the Indictment, Judgment, Sentence and a copy of the TDCJ discharge certificate. Contact the following office(s) to obtain the appropriate certificate:

TDCJ-CID RECORDS OFFICE
P. O. BOX 99
HUNTSVILLE, TEXAS 77342

or

TDCJ PAROLE SUPERVISION
8610 SHOAL CREEK BLVD.
AUSTIN, TEXAS 78758

# PROCEDURES FOR OBTAINING ARREST/OFFENSE REPORTS

For **each** criminal offense, acquire from the appropriate law enforcement arresting agency copies of the arrest/offense reports. These copies of reports do not have to be certified. For offenses involving drugs, please provide copies of laboratory reports.

_Gonzalez Diaz Eloy_

# APPLICATION FOR PARDON FOR INNOCENCE
## TO THE TEXAS BOARD OF PARDONS & PAROLES

### TO THE BOARD OF PARDONS AND PAROLES OF TEXAS:

I hereby request the Board of Pardons and Paroles or its designated agent to file this application for Clemency, to investigate the statements herein made under oath and, if the facts so justify, make a favorable recommendation to the Governor of the State of Texas that a Pardon For Innocence, to which I may be entitled under the laws of the State of Texas, be granted.

## A. DEMOGRAPHIC INFORMATION

| | Last Name | Jr. / III / Sr. / IV | First Name | Full Middle Name |
|---|---|---|---|---|
| Current full name | Gonzalez | ☐ Jr. ☐ III ☐ Sr. ☐ IV | Eloy | Diaz |
| Name(s) convicted under | Gonzalez Diaz Eloy | | | |
| Race and sex | Race B/A Cuba | | Sex Male | |
| Date and place of birth | Date of birth 12-01-62 | | Place of birth Cuba | |
| Driver's license | State TX | | License Number N.A | |
| Alias names (including maiden name, name by former marriage and nicknames), birth dates, social security #'s, etc. | Zamay Diaz Ciareta | | | |
| Current marital status | ☒ Married – Spouse's Name: Emma Cuadra Ciareta<br>☐ Divorced  ☒ Separated  ☐ Single | | | |
| Children / support / alimony<br><br>Zamay Diaz Cuadra | I have __1__ children under the age of 18 years.<br><br>I am supporting the following named children under the age of 18 years:<br><br>__Zamay Diaz Cuadra__<br><br>I currently pay $_____ / month in child support.<br><br>I currently pay $_____ / month in alimony. | | | |

# PARDON FOR INNOCENCE

## INSTRUCTIONS & CHECKLIST

Mail completed applications to:   TEXAS BOARD OF PARDONS AND PAROLES
ATTN: CLEMENCY SECTION
8610 SHOAL CREEK BLVD.
AUSTIN, TX 78757

1. Submit a completed application form in compliance with board rules governing pardons for innocence. Please respond to **all** items. If necessary, use "N/A," "Unknown," "None," or "Do not remember."

2. Applications must be typed or printed legibly in **black or blue** ink.

3. <u>Certified court documentation (indictment, judgment and sentence)</u> for each adult conviction for which you are requesting a Pardon for Innocence. For complete instructions, refer to Page 2 of 2.

4. <u>Offense (arrest) reports</u> for each adult conviction for which you are requesting a Pardon for Innocence. Obtain these documents from the arresting agency. The documents do not need to be certified. For complete instructions, refer to Page 2 of 2.

5. **A written recommendation of a majority of the current trial officials**, with one trial official submitting documentary evidence of actual innocence (the present prosecuting attorney, judge, and sheriff/chief of police of the arresting agency from the county and court of offense, conviction and release) and compliance with board rules governing Pardon for Innocence

6. Complete the attached application form as presented. You may submit attached documents as instructed in the application. Do not **alter** the presentation of this application either through reformatting or rewriting. Do not bind or staple the application with any other submitted material.

7. The application must be signed and dated by the applicant.

   - If the Board recommends Pardon For Innocence, the Governor makes the final decision. The applicant will be notified in writing upon final action.

   - Please let us know of any change of address or telephone number.

   - On the Application Page 1 of 6, A. Demographic Information, where asked to provide the applicant's current name, input the full name as it might appear on a Governor's proclamation.

## GENERAL INFORMATION

<u>Definition</u> - A pardon based on actual innocence exonerates an individual of the crime and erases the conviction. In order to consider a pardon for innocence, the Texas Board of Pardons and Paroles requires either evidence of actual innocence from at least two trial officials; or the findings of fact and conclusions of law from the district judge in a state habeas action indicating actual innocence.



## Chapter 143. EXECUTIVE CLEMENCY

### Subchapter A. FULL PARDON AND RESTORATION OF RIGHTS OF CITIZENSHIP

**§143.1. Authority To Grant Pardons**

Except in cases of treason or impeachment, after conviction, the governor may grant a full pardon upon the recommendation and advice of a majority of the board (Texas Constitution, Article IV, §11; Texas Code of Criminal Procedure, Articles 48.01 and 48.03).

**§143.2. Pardons for Innocence**

(a) On the grounds of innocence of the offense for which convicted the board will consider applications for recommendation to the governor for a pardon for innocence upon receipt of:

    (1) a written recommendation of at least two of the current trial officials of the court of conviction, with one trial official submitting documentary evidence of actual innocence; or

    (2) a certified order or judgment of a court having jurisdiction accompanied by a certified copy of the findings of fact and conclusions of law where the court recommends that the Court of Criminal Appeals grant state habeas relief on the grounds of actual innocence.

(b) Evidence submitted under subsection (a)(1) of this section shall include the results and analysis of pre-trial and post-trial DNA tests or other forensic tests, if any, and may also include affidavits of witnesses upon which the recommendation of actual innocence is based.

PFI-10 (Rev 01/11/2010)
(Last Name, First and Middle Name)                    Date: 4-3-2015

Gonzalez Diaz Eloy

# CRIMINAL HISTORY INFORMATION

Provide information on all adult criminal offenses (**list one offense per page**) and the disposition of each arrest. For these purposes, adult is defined as all arrests committed when age 16 or older or when younger than age 16 but certified as an adult. All blanks must be completed for each criminal offense. Included in this application are two (2) blank "Criminal History Information" pages provided in the event that you have multiple arrests.

**Photocopy as many of these blank pages as needed to list additional offenses.**

**Criminal Offense:** INDECENCY W/CHILD CONTACT

*List the offense as it appears in the court documentation.*

**Are you requesting a Pardon For Innocence for this offense?**          ☒ Yes / ☐ No

*Only Texas felony convictions are eligible for Pardon For Innocence consideration.*

## Additional Information about the Criminal Offense

**County:** Collin McKinney TX                                   **State:** TEXAS

**Cause Number:** W 219-80280-04-H C4

**Court of Adjudication:** 219-Collin County McKinney Texas
Mark "N/A" if not adjudicated in a Court.

**Disposition/Sentence Date:** 2-15-2006
Date of sentencing or other form of court adjudication. Mark "N/A" if not adjudicated in a Court.

**Court Disposition/Sentence:** Court Impuce 10 year Superbision Communiti

Examples of possible responses that you may modify to reflect your circumstance: in 2008 Court Reforme sentence
5 years TDCJ                                                                           7 years TDCJ-CID
2 years State Jail Felony
2 years probation

**Fine ordered in the Sentence?**          ☐ Yes ☐ No          If "Yes", indicate the amount:     $_____

                                                        Was the fine paid in full?          ☐ Yes ☐ No

**Restitution ordered in the Sentence?**     ☐ Yes ☐ No     If "Yes", indicate the amount:     $_____

                                                        Was the restitution paid in full?     ☐ Yes ☐ No

**Final Disposition:** 7 years TDCJ-CID Sentence Completed And Dismiss i

Examples of possible responses that you may modify to reflect your circumstance:

Jail sentence completed
State Jail Felony sentence completed          Currently incarcerated in a State Jail facility
TDCJ-CID sentence completed                   Currently incarcerated in TDCJ-CID
Currently on parole

*(Last Name, First and Middle Name)*

Gonzalez Diaz Eloy

## F.　CERTIFICATION BY APPLICANT

*Please read the following statements carefully and indicate your understanding and acceptance by signing in the space provided. This application must be signed.*

I hereby give my permission to the Board of Pardons and Paroles or its designated agent to make any inquiry and receive any information of record that it may deem proper in the investigation of this application for clemency; and

I understand that compliance with these requirements is sufficient for the Board's consideration of this application, but compliance does not necessarily mean that favorable action will result.

I hereby swear upon my oath that I am the subject herein named and the facts contained in this application are true and correct.

Eloy Diaz Gonzalez　TDCJ 1652026
_____
**Applicant's Signature (Full Name)**

4-3-2015
_____
**Date**

(Last Name, First and Middle Name)

Date: 4-3-2016

Gonzalez Eloy Diaz

## B. ADDRESSES

| Current Mailing Address | Current Physical Address |
|---|---|
| *Indicate your current mailing address.* | *Provide information even if the physical and mailing addresses are the same.* |
| Ramsey Unit | Ramsey Unit |

| Number and street | Apartment | Number and street | Apartment |
|---|---|---|---|
| 1100 FM 655 | | 1100 FM 655 | |

| City | State | Zip Code | City | State | Zip Code |
|---|---|---|---|---|---|
| Rosharou | TX | 77583 | Rosharou | TX | 77583 |

Home phone number [ NO ]    NO

Work phone number [ NO ]    NO

Email Address    NO    NO

County of residence _____

Years resided at physical residence    USA

## Previous Addresses

List **all** previous physical addresses since age 18. Do not use post office boxes. If you lived in an apartment complex, list your apartment number. *All time periods must be accounted for.* Include complete dates (months and years of residence), addresses, city, state and zip codes. Complete this page before attaching any additional page(s). Place attachments behind this page.

| From (month/year): | Number and street | Apartment |
|---|---|---|
| 1-10-2000 | 1203 13th st | CASA |

| To (month/year): | City | | State | Zip Code |
|---|---|---|---|---|
| 1-10-2006 | Plano | | TX | 75074 |

| From (month/year): | Number and street | Apartment |
|---|---|---|
| 11-15-1998 | 162 JR AB | CASA |

| To (month/year): | City | | State | Zip Code |
|---|---|---|---|---|
| 11-15-1999 | Wiley | | TX | 75074 |

| From (month/year): | Number and street | Apartment |
|---|---|---|
| NA | NA | |

| To (month/year): | City | | State | Zip Code |
|---|---|---|---|---|
| NA | NA | | | |

| From (month/year): | Number and street | Apartment |
|---|---|---|
| NA | NA | |

| To (month/year): | City | | State | Zip Code |
|---|---|---|---|---|
| NA | NA | | | |

*(Last Name, First and Middle Name)*

Gonzalez Eloy Diaz

Gonzalez Eloy Diaz

## C. EMPLOYMENT

Please give a comprehensive adult (since age 18) employment history, beginning with your present employment and working backwards. Include employer's name, address, your job position working title, description of job duties, salary, dates employed, and reason for leaving. Complete this page before attaching any additional page(s). Place attachments behind this page.

| From (month/year): 1-1-2006 | Employer name Cuba Cigar |
|---|---|
| To (month/year): 1-10-2006 | Employer address 18St Plano TX Suit 100 |
| Job position (working title) Master Rolin Cigar | Description of your work duties Cigar Rolin |
| Average monthly salary 7,500.00 month | Reason for leaving this court 219 in Mckinney tx in Collin Couti in TDC in 2008 inPoce tis centuci 7year |

| From (month/year): September 2008 | Employer name / |
|---|---|
| To (month/year): February o March | Employer address |
| Job position (working title) | Description of your work duties |
| Average monthly salary 7,200 moutsalag | Reason for leaving this court 219 in Mckinney tx inCollin Conti inPuce tis centeuci 7 year in TDC 2009 |

| From (month/year): NO | Employer name NO |
|---|---|
| To (month/year): NO | Employer address NO |
| Job position (working title) NO | Description of your work duties NO |
| Average monthly salary | Reason for leaving TDC |

| From (month/year): NO | Employer name NO |
|---|---|
| To (month/year): NO | Employer address NO |
| Job position (working title) NO | Description of your work duties NO |
| Average monthly salary NO | Reason for leaving TDC |

PFI-10 (Rev 01/11/2010)                    Date: 4-3-2015
*(Last Name, First and Middle Name)*

Gonzalez Diaz Eloy
Gonzalez Eloy Diaz

# CRIMINAL HISTORY INFORMATION

Provide information on all adult criminal offenses (**list one offense per page**) and the disposition of each arrest. For these purposes, adult is defined as all arrests committed when age 16 or older or when younger than age 16 but certified as an adult. All blanks must be completed for each criminal offense. Included in this application are two (2) blank "Criminal History Information" pages provided in the event that you have multiple arrests.

**Photocopy as many of these blank pages as needed to list additional offenses.**

---

**Criminal Offense:** INDECENCY W/CHILD EXPOSURE
*List the offense as it appears in the court documentation.*

---

**Are you requesting a Pardon For Innocence for this offense?**          ☒ Yes / ☐ No

*Only Texas felony convictions are eligible for Pardon For Innocence consideration.*

---

*Additional Information about the Criminal Offense*

**County:** Collin McKinney TX                    **State:** TEXAS

**Cause Number:** W219-80280-04-HC4

**Court of Adjudication:** 219- Collin County McKinney Texas
Mark "N/A" if not adjudicated in a Court.

**Disposition/Sentence Date:** 2-15-2006
Date of sentencing or other form of court adjudication. Mark "N/A" if not adjudicated in a Court.

**Court Disposition/Sentence:** Court Impuce 10 year Superbision Community
Examples of possible responses that you may modify to reflect your circumstance:     in 2008 Court Reforme
5 years TDCJ                                        Sentence: 7 years TDCJ-CID
2 years State Jail Felony
2 years probation

**Fine ordered in the Sentence?**          ☐ Yes  ☐ No      If "Yes", indicate the amount:     $_____

                                        Was the fine paid in full?          ☐ Yes  ☐ No

**Restitution ordered in the Sentence?**     ☐ Yes  ☐ No    If "Yes", indicate the amount:     $_____

                                        Was the restitution paid in full?     ☐ Yes  ☐ No

**Final Disposition:** 7years TDCJ-CID Sentence Completed And Dismiss

Examples of possible responses that you may modify to reflect your circumstance:

Jail sentence completed
State Jail Felony sentence completed          Currently incarcerated in a State Jail facility
TDCJ-CID sentence completed                   Currently incarcerated in TDCJ-CID
Currently on parole

PFI-10 (Rev 01/11/2010)  Date: _4-3-2015_
(Last Name, First and Middle Name)

_Gonzalez  Diaz  Eloy_

# SUBJECT'S VERSION

On this "Subject's Version" page you are providing additional information – your version of events – about the offense that you listed on the preceding "Criminal History Information" page. Describe in your own words the factual circumstances of the offense.

Responses such as "N/A," "Unknown," or "None" are not acceptable for this section of the application. If you do not remember any of the details about this offense you may provide a statement to that effect.

---

**Criminal Offense:** _Indecency w/Child Exposure_
List the offense as it appears in the court documentation. The offense should match the wording on the corresponding Criminal History Information page.

**Location:** _Collin Court, McKinney, TX, ?u Dallas_

**Offense date(s):** _02/15/2003_

**Law enforcement agency involved:** _Police department Plano TX Dallas_

**State in detail events leading up to the offense and the extent of your involvement in this case:**

_Innocence, State not is Upos'll_
_application if not remember any_
_of the details about_

---

Complete this page before attaching any additional page(s). Place any attachments immediately behind this page.

---

## Court Documentation & Offense Reports

Place all court documents and offense/arrest reports for this offense after your Subject's Version page(s). Refer to application instruction Page 2 of 2, Procedures for Obtaining Court Documentation, for information on documents to provide with the application.

*(Last Name, First and Middle Name)*

Gonzalez Eloy Diaz

## D. STATUS

| | |
|---|---|
| Are you currently incarcerated in a Texas penal institution? <br> *Ramsey 1 Unit 1100 FM 655 Roshanou* <br> *If "yes," list your (TDCJ-CID) identification number.* TX 77583 | ☒ Yes  ☐ No <br><br> ID number: _1652026_ |
| Were you ever incarcerated in a Texas penal institution? <br><br> *If "yes," list all (TDCJ-CID) identification numbers.* | ☒ Yes  ☐ No <br><br> Prior ID number: _1652026_ <br><br> Prior ID number: _____ |
| Are you currently serving a term of probation? <br><br> *If "yes", identify the county of current residence, name and phone number of your probation officer.* | ☒ Yes  ☐ No <br><br> County: _Collin McKinney_ <br> Name: _NA_ <br> Number: (   ) _NA_ |
| Are you currently on parole, annual report status, or serving a term of mandatory supervision? <br> *7095 Beaumont Hwy 90 Houston tx 77078* <br> *If "yes", identify the county of current residence, name and phone number of your parole officer.* | ☒ Yes  ☐ No <br><br> County: _Houston tx_ <br> Name: _Robert Huntley_ <br> Number: (   ) _N/A_ |
| Do you have any pending criminal charges? <br><br> *If "yes," attach an explanation page. Place the attachment behind this page.* | ☐ Yes  ☒ No |
| Have you been incarcerated in a federal or non-Texas state institution? *transitional cente faciliti* <br> *Jas cke .tx* <br> *If "yes," list all identification numbers. Include the facility name and location.* <br> *CCA Houston* | ☒ Yes  ☐ No <br><br> ID Number: _A-74029137_ <br> Institution: _faciliti Paschke tx_ <br> _Dallas tx_ <br> Location: _Houston tx_ |
| Do you have any prior federal or out of state convictions resulting in a loss of civil rights that have not been cleared by a pardon? <br><br> *If "yes," attach an explanation page. Place the attachment behind this page.* | ☐ Yes  ☒ No |

(Last Name, First and Middle Name)

Gonzalez Diaz Eloy

## E. JUSTIFICATION FOR CLEMENCY CONSIDERATION

(1)    State the reasons and circumstances for requesting a Pardon For Innocence.

1- Not evidence Sopor this Alegation of the offense

2- may eligibility for Pardon for Innocence not Evidence submitted (indictmen/complain/information, Judgment sentence), nod evidence submitted under Subsection (a)(1) of this Section shall include the Results and analysis of pre-trial and postrial DNA tests or other forensic tests, if any and may also include affidavits of witnesses upon which the Recommendation of actual innocence is based.

3- Jail sentence Completed

4- State Jail Felonia sentence Completed

5- TDCJ. CID sentence Completed

6- deferred adjudication Community Supervision Completi and not fini in Corpabiliti.

7- Not oncibi Doble Weypen

8- the Court Consider request Full Pardon relating to Restoration of Rights of Citizenship)

9- Based upon Goar Rule Chapter 143. Executive Clemency, Subchapter A. Full Pardon and Restoration of Rights of Citizenship Section 143.1 Authority to Grant Pardons, Except in Cases of treason or impeachment after Conviction. or successful completion of term of a term of deferred adjudication Community Supervision, the Governor may grant a full pardon upon the recommendation

Complete this page before attaching any additional page(s). Place any attachments immediately behind this page.

and advice of a majority of the board as authorized by the texas Constitution. Article IV, 11and texas Code of Criminal Procedure Articles 48.01 and 48.03